FILED
United States Court of Appeals
Tenth Circuit

August 30, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

CODY WAYNE MAYFIELD,

     Petitioner - Appellant,

v.

JIMMY MARTIN,

     Respondent - Appellee.

No. 17-6231
(D.C. No. 5:16-CV-00557-HE)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Applicant Cody W. Mayfield seeks a certificate of appealability (COA) to appeal the denial by the United States District Court for the Western District of Oklahoma of his application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court). We deny a COA and dismiss the appeal.

An Oklahoma state-court jury convicted Applicant of two counts of possessing a controlled substance after having two or more felony convictions. On appeal the Oklahoma Court of Criminal Appeals (OCCA) reversed one possession count, but otherwise affirmed. Applicant then filed his § 2254 application.

A COA will issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

As we have explained, "Under the 'contrary to' clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and some internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks

2

omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. *See id.* Therefore, for those of Applicant's claims that the OCCA adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

In this court Applicant asserts four grounds for relief. He first argues that the prosecution submitted "false evidence" at his trial—a picture of a cellophane fragment found in his car that was allegedly tied to a bag containing a controlled substance. The OCCA deemed the photograph relevant and admissible, and the district court concluded that Applicant failed to show that the OCCA unreasonably applied federal law. No reasonable jurist could debate the district court's conclusion.

Applicant next argues that at sentencing the trial court admitted a "pen packet" containing prejudicial materials. On direct appeal the OCCA determined that the error "did not seriously affect the fairness, integrity, or public reputation of the proceedings," given other admissible evidence of Applicant's criminal past and the prosecution's failure to emphasize the problematic material in its closing argument. R., Vol. I at 255. The district court concluded that Applicant had not shown that the OCCA unreasonably applied federal law. No reasonable jurist could debate the district court's conclusion.

Third, Applicant argues that his sentence was improperly enhanced by consideration of a prior felony conviction that was too old to be applicable under the state

enhancement statute. But Applicant did not raise this issue in his § 2254 application. It is therefore not properly before this court. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (claims not raised in § 2254 application to district court are waived).

Applicant's fourth ground for relief is that he received ineffective assistance of counsel at trial. To establish ineffective assistance, Applicant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688. Second, Applicant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We can consider the performance and prejudice prongs in either order; if Applicant fails to meet his burden on one prong, we need not consider the other. *See id.* at 697.

Applicant contends that his trial counsel (1) failed to object to the prosecution's mention of a 1993 conviction; (2) failed to object to that conviction's introduction into evidence as part of the pen packet; (3) failed to object to the pen packet's admission; and (4) told the jury at sentencing that Applicant was a drug addict. The first two claims fail because they were not presented in his § 2254 application. *See Parker*, 394 F.3d at 1307. As for claims 3 and 4, the OCCA denied relief on both, stating that "under the deficient performance/prejudice test of *Strickland* . . . , no relief is warranted" because these "alleged deficiencies create no reasonable probability of a different outcome." R. at 256–57. The district court held that the OCCA reasonably applied *Strickland*. No reasonable

4

jurist could debate the district court's ruling.

We **DENY** a COA and **DISMISS** the appeal.  We **GRANT** Applicant's motion to proceed in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge